UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE L. DOPP, an Individual,<br><br>    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and DOES 1–50,<br><br>    Defendants. | Case No. 3:14-cv-00853-GPC-WVG<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE MANDATORY SETTLEMENT CONFERENCE**<br><br>(Doc No. 15) |

## I. INTRODUCTION

Before the Court is the Joint Motion to Continue Mandatory Settlement Conference ("Motion"), filed by Plaintiff and Defendants (collectively, "Parties," or individually, "Party") on January 22, 2015. (Doc. No. 15.) With the Mandatory Settlement Conference ("MSC") presently scheduled for February 18, 2015, at 2:00 p.m. by this Court's Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings ("CMC Order"), (Doc. No. 14), the Parties seek its continuation to some unspecified date on the basis of "good cause," (Doc. No. 15, at 2). For the reasons fully detailed below, this Court DENIES the Motion.

## II. BACKGROUND

This case arose from an accident near the electronics department at the Defendant's store, located at 910 Eastlake Parkway, Chula Vista, California. (Doc. No. 1-1, at 5.) Plaintiff's complaint was filed in the Superior Court of California for the County of San

1

Diego on February 7, 2014, and removed by Defendants on April 9, 2014. (Doc. No. 1, at 2.) An Early Neutral Evaluation Conference ("ENE Conference") was held on July 10, 2014, (Doc. Nos. 8, 9), and a Case Management Conference eventually took place on August 27, 2014, (Doc. Nos. 12 , 13). On September 2, 2014, this Court issued the CMC Order. (Doc. No. 14.) The MSC was scheduled for February 18, 2015. (Id. at 3.) "The dates and times set forth," the CMC Order warned, "will not be further modified except for good cause shown." (Id. at 6.)

To make the necessary showing of "good cause," the Parties offer a litany, specifically: (1) the continuance they seek is brief, from mid-February 2015 to "March or April of 2015"; (2) no continuance requests have been previously tendered; (3) both Parties concur in the need for this continuance, the Motion wholly "unopposed"; (4) the only other dates that may be potentially affected by the MSC's continuance will be the deadlines for the exchange of expert and expert rebuttal reports; (5) as Plaintiff's orthopedic independent medical exam ("IME") has been rescheduled from December 16, 2014, to February 4, 2015, the Parties will require "sufficient time after the IME" to acquire and evaluate this summation; and (6) obtaining this report before February 18, 2015, will result in "significant expense" that will decrease "the likelihood that a settlement can be reached during the MSC." (Doc. No. 15, at 2–3.) Having propounded these six potential justifications, the Parties jointly request a continuance of the MSC and, if the latter is granted, an extension of the deadlines for the exchange of expert reports and rebuttal expert reports. (Id. at 3.) A slew of new dates in March and April of 2015 are thereupon proposed. (Id.)

## II. DISCUSSION

### A. Legal Standard

In considering the Motion's merits, this Court is guided by the language of the CMC Order and the Federal Rules of Civil Procedure.[1] As the Parties were expressly informed in the fall of 2014, "[t]he dates and times set forth" in the CMC Order "will not

---

[1] In this order, any and all reference to "Rule" or "Rules" is to the Federal Rules of Civil Procedure.

be further modified except for good cause shown." (Doc. No.14, at 6.) This language derives from Rule 16(b)(4), which allows for the modification of deadlines in a scheduling ordering "for good cause and with the [issuing] judge's consent." FED. R. CIV. P. 16(b)(4); Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (9th Cir. 2012) (citing FED. R. CIV. P. 16(b)(4) and quoting Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008)). As a matter of longstanding practice and juridical construction, a finding of "good cause" depends "on the diligence of the moving party," Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (internal quotation marks omitted); accord Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008), as established by sworn oaths and either concrete evidence or substantiated contentions. Thus, Rule 16(b)(4) has been held to require the movant "to *show* that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003) (emphasis added) (internal quotation marks omitted); accord Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998). Naturally, then, this inquiry focuses on a movant's proven assiduity in conducting discovery within the scheduling order's time line and on the unexpected character of the events precipitating any delay. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (explicating Rule 16(b)(4)'s "good cause" standard and concluding that "[i]f that party was not diligent, the inquiry should end"). A party's indifference will often prove fatal, O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004), and conclusory allegations and assertions of diligence purportedly displayed will not do.

Further support for this focus on a party's diligence can be found in Rule 16(b)'s well-known purpose. The mandate of Rule 16 must always "be taken seriously," Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994), precisely because "efficient case management" would otherwise be needlessly endangered, Stanley v. Huntington Nat'l Bank, 492 F. App'x 456, 461 (4th Cir. 2012); Fujita v. United States, 416 F. App'x 400, 402 n.6 (5th Cir. 2011) ("[S]uch [scheduling] orders and their enforcement are

3

regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." (quoting Rouse v. Farmers State Bank of Jewell, Iowa, 866 F. Supp. 1191, 1198 (N.D. Iowa 1994))). Indeed, as the United States Court of Appeals for the Ninth Circuit has said, modification of deadlines always threatens a "court's ability to control its own docket" and both "disrupt[s] the agreed-upon course of ligitation[] and [may] reward the indolent and cavalier." Johnson v. Mammoth Recreations, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted).

**B.     Application**

Applying this standard, this Court finds the Motion insufficient for three reasons.

First, considering the IME is scheduled for February 4, 2015, and the MSC is set for February 18, 2015, the Court does not divine a pressing urgency for its rescheduling. Exactly two weeks separate these dates, and days, not months, will suffice for Plaintiff and Defendant to peruse the post-IME report. Certainly, they may not have its every conclusion throughly vetted; certainly, a report spanning hundreds of pages and littered with medical jargon may require painstaking study. But no such dissection is essential for the Parties to discern a medical exam's general import and re-calibrate, if they so wish, their settlement proposals.[2] In fact, the Parties concede as much when they cite the potential expense of its production prior to the February 18, 2015. (Doc. No. 15, at 3.) Though it may be expensive to do so,[3] these words imply, a report can still be crafted and proffered in sufficient time for review prior to the CMC.

Second, bound to ascertain the requesting party's diligence before a deadline's tinkering under Rule 16(b)(4), this Court cannot ignore a peculiar absence at the Motion's center. Though Plaintiff concedes she did not show up for the originally scheduled IME, she gives no explanation for her failure to appear for an appointment that counsel had confirmed. (Doc. No. 15, at 2.) Even if this was the Motion's sole failing, this glaring

---

[2] True, the effectiveness of the MSC may be somewhat impacted. Nonetheless, few conferences would ever be scheduled if a court first allowed parties to master every iota of possibly relevant data.

[3] This possibility is addressed in this order's conclusion.

deficiency is one that cannot be excused under Rule 16(b), for the necessary burden of proving diligence lay upon Plaintiff. By definition, in offering no excuse, much less a convincing one, she has proven no diligence. Instead, she has shown a "carelessness" that is "***not*** compatible with a finding of diligence" and which "offer[s] no reason for a grant of relief" under Rule 16(b)(4). Johnson, 975 F.2d at 609 (emphasis added).

Finally, two temporal gaps critical to divining this Motion's own timeliness and, indirectly, the true extent of the Parties' care are left unacceptably unexplained. First, although the IME was scheduled for December 16, 2014, and though Plaintiff did not appear, the Motion was filed on January 22, 2015. It took the Parties thirty-seven days to submit this request, the gravamen of which is an absence nearly five weeks old. Second, per this Court's order, fact discovery concluded on December 31, 2014. (Doc. No. 14, at 2.) As the Motion makes painfully obvious, however, it was not, the IME as yet uncompleted.[4/] Yet, until the Motion's filing, this Court received no notice of the Parties' seeming dilatoriness and intent to continue discovery past a deadline set nearly six months ago. In such situations, courts have refused to find "good cause" for purposes of Rule 16(b)(4). See, e.g., Oravec v. Sunny Isles Luxury Ventures L.C., 527 F.3d 1218, 1232 (11th Cir. 2008).

## IV. CONCLUSION

Having subjected the Motion to Rule 16(b)(4)'s stringent gaze, this Court finds that too much is left unremarked, too few supporting reasons actually adduced, in the Motion to support a finding of "good cause." Accordingly, this Court DENIES the Motion without prejudice. In addition, the Plaintiff is ordered to appear at the IME presently scheduled for February 4, 2015. Regardless of the reason, any failure to appear may subject Plaintiff to sanctions, including but not limited to a prohibition on the introduction of any medical evidence or injury allegedly suffered by Plaintiff at trial. Defendant is

---

[4/] In fact, it may be appropriate for this Court to foreclose any and all further discovery, barring both Parties from the use of any evidence that might have been obtained at a timely IME, in light of a deadline already breached without notice to this Court and without a request for its continuation ever made. At this time, this Court makes no such determination.

5

also directed to ensure either the full IME report or a substantive summary outlining the IME's relevant conclusions is received by Plaintiff's counsel on or before **February 13, 2015.** If this accelerated production requires any additional charge, Plaintiff shall bear this extra cost. After all, it was her failure to appear that necessitates this prompt turn-around.

IT IS SO ORDERED.

DATED:  January 23, 2015

Hon. William V. Gallo
U.S. Magistrate Judge